UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERCOM SECURITY<br><br>    Defendant. | No. 2:19-cv-1355-MCE-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Liudmyla Iegorova, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim

must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Plaintiff's complaint here alleges that in May 2016 an employee for defendant Intercom Security fraudulently reported plaintiff, apparently while at a government building, which caused the Sacramento Police to demand plaintiff to leave. (ECF No. 1.) According to plaintiff, these acts amounted to corruption and fraud against plaintiff's life and health and violated 18 U.S.C. § 241. (Id.) Additionally, the complaint alleges that documents were stolen from plaintiff in July 2015. (Id.) Plaintiff demands ninety nine trillion dollars in damages. (Id.)

As an initial matter, plaintiff, as a private citizen, has no standing to prosecute any alleged crimes. Moreover, even if plaintiff's claims could be construed as civil claims, the court finds that plaintiff's allegations are implausible, frivolous, devoid of merit, and unsubstantial. Therefore, the court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.

Although the court, consistent with the Federal Rules of Civil Procedure and applicable case law, ordinarily liberally grants leave to amend, especially to *pro se* litigants, the nature of plaintiff's complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Moreover, the court notes that plaintiff has already filed numerous frivolous actions in this district, including against former President Obama, President Trump, Target Corporation, Chase Bank, the Intercontinental Hotel Group, the Social Security Administration, the State Department, the Department of Housing and Urban Development, and various apartment complexes. Such prior frivolous actions further counsel against granting leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine; and
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 17, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE